**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TODD A. PHIPPS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STEVEN LANGFORD,<br><br>　　　　　Respondent. | No. CV 17-3574-JFW (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

On September 11, 2017, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. On September 28, 2017, petitioner filed Objections to the R&R.

The bulk of the arguments that petitioner makes in his Objections is sufficiently addressed in the Magistrate Judge's R&R. One of those objections, however, warrants further discussion. Specifically, petitioner contends that the Magistrate Judge erred in failing to analyze petitioner's claim that trial counsel provided ineffective assistance in advising petitioner about the implications of petitioner's release on bail. (See Objections at 2). According to petitioner, trial counsel led petitioner to believe that petitioner, in fact, would receive custody credit for the time that he spent released on bail and subject to GPS monitoring. (Id.).

This allegation is governed by the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the first prong of that test, the petitioner must prove that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. To establish deficient performance, the petitioner must show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687; Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). In reviewing trial counsel's performance, however, courts "strongly presume[] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003). Only if counsel's acts and omissions, examined within the context of all the surrounding circumstances, were outside the "wide range" of professionally competent assistance, will petitioner meet this initial burden. Kimmelman v. Morrison, 477 U.S. 365, 386, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986); Strickland, 466 U.S. at 690.

Under the second part of Strickland's two-prong test, the petitioner must show that he was prejudiced by demonstrating a reasonable probability that, but for his counsel's errors, the result would have been different. 466 U.S. at 694. The errors must not merely undermine confidence in the outcome of the proceedings, but must result in a proceeding that was fundamentally unfair. Williams, 529 U.S. at 393 n.17; Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The petitioner must prove both deficient performance and prejudice. A court need not, however, determine whether counsel's performance was deficient before determining whether the petitioner suffered prejudice as the result of the alleged deficiencies. Strickland, 466 U.S. at 697.

Here, petitioner's allegation of attorney error fails for several reasons. First, it is conclusory and lacks any evidentiary support. Although petitioner claims that counsel misadvised him, he fails to set forth counsel's purported advice or explain how that advice was misleading. Moreover, petitioner has provided no declaration from counsel setting forth the advice that counsel provided to petitioner regarding petitioner's release on bail. Nor does petitioner provide any documentation

indicating that he ever sought such a declaration from counsel. What is more, petitioner has cited no hearing transcript substantiating his claim that he understood that he would receive custody credit for the time that he spent released on bail. Instead, he merely alleges that counsel, in some way, misled him. Such conclusory allegations do not warrant habeas relief. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (habeas relief not warranted where claims for relief are unsupported by facts).

Second, petitioner has failed to show that any purported error on counsel's part resulted in prejudice. Despite conclusorily alleging that counsel misadvised him regarding whether he would receive custody credit for the time spent released on bail, petitioner does not allege (nor could he credibly allege) that he would have opted to forego release on bail and, instead, remain in custody had he known that he would not receive custody credit for the time that he was released on bail. Indeed, the very fact that he sought to be released on bail undercuts any such allegation.

In short, petitioner has failed to show that his trial counsel's performance violated his Sixth Amendment right to effective assistance of counsel. According, this claim fails.

/
/
/
/
/
/
/
/
/
/
/
/
/

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. Petitioner's objections to the use of a Magistrate Judge in this action are denied.
2. The Report and Recommendation is accepted.
3. Judgment shall be entered consistent with this Order.
4. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: October 3, 2017

HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE